Matter of Rekhi (2024 NY Slip Op 00077)

Matter of Rekhi

2024 NY Slip Op 00077

Decided on January 10, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
JOSEPH J. MALTESE, JJ.

2022-06395

[*1]In the Matter of Jessica K. Rekhi, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Jessica K. Rekhi, respondent. (Attorney Registration No. 4390860)

JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Tenth Judicial District and the respondent, Jessica K. Rekhi, for discipline by consent. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 17, 2006.

Catherine A. Sheridan, Hauppauge, NY (Ann Marie Modica-Schaffer of counsel), for petitioner.
Mitchell T. Borkowsky, Melville, NY, for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a notice of petition and a verified petition, both dated August 5, 2022, and the respondent served and filed a verified answer dated September 6, 2022. Subsequently, the Grievance Committee served and filed a statement of disputed and undisputed facts dated September 14, 2022. The respondent served and filed the respondent's statement of disputed and undisputed facts dated October 25, 2022. The Grievance Committee and the respondent now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent, and request the imposition of a sanction ranging from a censure to a six-month suspension. Pursuant to 22 NYCRR 1240.8(a)(5)(i), the parties submitted a joint affirmation signed by the Grievance Committee and the respondent's counsel on November 7, 2022, in support of the motion. The respondent has submitted an affidavit sworn to on November 3, 2022, attesting, inter alia, to various mitigating circumstances. Based on the stipulation of facts presented with the joint affirmation, the parties have agreed that the following factual specifications are not in dispute.
In 2016, the respondent formed a law firm, in which she managed the real estate practice. Another attorney at the firm—who was admitted to the practice of law in New York in 2016—managed the trusts and estates practice (hereinafter the trusts-estate attorney). At all relevant times herein, the respondent was the more experienced attorney at the firm.
At all relevant times herein, the firm maintained an attorney escrow account at Citibank, with an account number ending in 9917 (hereinafter the escrow account). The respondent and the trusts-estate attorney were the only signatories on the escrow account. The respondent and the trusts-estate attorney were responsible for maintaining and managing the escrow account records. The respondent failed to regularly review, audit, and reconcile the transactional activity of the escrow [*2]account.
The Virnan Matter 
In 2017, the respondent represented Chris Virnan in connection with two real estate matters. On August 18, 2017, $47,250 was deposited into the escrow account in connection with Virnan's sale of real property (hereinafter the Virnan sale). On September 7, 2017, $597,220.10 was wired into the escrow account in connection with a purchase transaction by Virnan (hereinafter the Virnan purchase).
Between September 7, 2017, and September 13, 2017, checks totaling $598,682.90 were paid against the escrow account in connection with the Virnan purchase, disbursing $1,462.80 more than was on deposit in connection with the transaction. The checks were drafted by the trusts-estate attorney at the respondent's request. As of September 13, 2017, the respondent was required to maintain at least $47,250 in the escrow account for the Virnan sale. On September 13, 2017, the balance in the escrow account was $46,964.32.
The Mullick Matter 
On October 23, 2017, $422,153.43 was wired into the escrow account in connection with the Mullick matter. Between October 24, 2017, and October 27, 2017, checks totaling $423,105.33 were paid against the escrow account in connection with the Mullick matter, disbursing $951.90 more than was on deposit in connection with the transaction.
As of October 27, 2017, the respondent was required to maintain at least $157,608 in the escrow account, which had been entrusted to her as a fiduciary, in connection with six client matters. On October 27, 2017, the closing balance in the escrow account was $156,370.42.
The Charan Jit Estate Matter 
As of February 20, 2018, the respondent was required to maintain at least $17,500 in the escrow account, which had been entrusted to her as a fiduciary, in connection with three client matters. On February 20, 2018, check no. 1121 for $8,092.25, made payable to the respondent's law firm, was paid against the escrow account with respect to the Charan Jit Estate matter. There were no correlating funds on deposit for this matter. Check no. 1121 was drafted by the trusts-estate attorney. On February 20, 2018, the closing balance in the escrow account was $8,403.66. Check no. 1121 was paid, at least in part, against fiduciary funds on deposit in the escrow account in connection with other matters.
The Dibartolo Trust Matter 
On January 11, 2018, $7,500 was deposited into the escrow account, consisting of an advanced retainer in connection with the Dibartolo Trust matter. On April 3, 2018, after two prior disbursements for fees totaling $2,100, $5,400 remained on deposit in the escrow account in connection with the Dibartolo Trust matter. On July 13, 2018, check no. 1175 to the Dibartolo Trust for $6,400, was paid against the escrow account, disbursing $1,000 more than remained on deposit for the matter. Check no. 1175 was drafted by the trusts-estate attorney.
As of July 13, 2018, the respondent was required to have had at least $144,410 in the escrow account, which had been entrusted to her as a fiduciary, in connection with six client matters. On July 13, 2018, the closing balance in the escrow account was $134,763.97.
The Enoch Smith Estate Matter 
On March 4, 2019, $1,500 was deposited into the escrow account, consisting of an advanced retainer for the Enoch Smith Estate matter. On May 1, 2019, check nos. 1171 and 1193, each for $500, payable to the respondent's law firm for legal fees in the Enoch Smith Estate matter, were paid against the escrow account. On June 11, 2019, check no. 1205 for $420 to the Surrogates Court, Queens County was paid against the escrow account in connection with the Enoch Smith Estate matter. After check no. 1205 was paid, $80 remained on deposit in the escrow account in connection with the Enoch Smith Estate matter.
On September 12, 2019, check no. 1382 for $580 made payable to the respondent's firm was paid against the escrow account in connection with the Enoch Smith Estate matter, disbursing $500 more than was on deposit for this matter and paid, at least in part, against fiduciary funds on deposit in the escrow account in connection with other matters. Check no. 1382 was drafted by the trusts-estate attorney. As of September 12, 2019, the respondent was required to maintain at least $42,478 in the escrow account, which had been entrusted to her as a fiduciary, in connection with seven client matters. On September 12, 2019, the closing balance in the escrow account was $32,508.85.
Prior to joining the firm, the trusts-estate attorney had no experience using, managing, [*3]or reconciling an attorney trust account. At all relevant times, the respondent failed to review the trusts-estate attorney's transactional activities with respect to the escrow account.
Between January 2017 and December 2019, the respondent failed to make accurate entries of all financial transactions in the escrow account in a record of receipts and disbursements in a ledger book or similar record at or near the time of the transactions.
Between January 2017 and December 2019, the respondent failed to reconcile records of transactions in the escrow account.
In September 2017, the respondent represented the lender, Quicken Loans, and the borrower/buyer, Chris Virnan, in the same real estate transaction. The respondent had represented both Virnan and Quicken Loans in other unrelated transactions. The respondent failed to advise either client in writing that her simultaneous representation of both clients constituted a conflict of interest. The respondent failed to obtain, in writing, the clients' informed consent.
As required by 22 NYCRR 1240.8(a)(5)(iii), the respondent has submitted an affidavit with this motion in which she conditionally admits the foregoing facts, and that those facts establish that she (1) misappropriated funds entrusted to her as a fiduciary incident to her practice of law; (2) as a lawyer with management responsibility in a law firm, failed to make reasonable efforts to ensure that another lawyer in the firm conformed to the Rules of Professional Conduct (22 NYCRR 1200.0); (3) failed to make accurate entries of all financial transactions in the escrow account in a ledger book or similar record, at or near the time of the transactions; (4) engaged in conduct adversely reflecting on her fitness as a lawyer by failing to reconcile her escrow account; (5) engaged in a conflict of interest by representing clients with differing interests in the same transaction; and (6) based on the above conduct, engaged in conduct adversely reflecting on her fitness as a lawyer, in violation of rules 1.15(a) and (d)(2), 1.7(a), 5.1(b)(1), and 8.4(h) of the Rules of Professional Conduct. The respondent consents to the agreed discipline in the range of a censure to a six-month suspension, which consent is given fully and voluntarily without coercion and duress. The respondent states that she is fully aware of the consequences of consenting to such discipline.
The parties request that the Court consider, in aggravation, the respondent's pattern of misconduct and multiple offenses.
In mitigation, the parties request that the Court consider the respondent's unblemished disciplinary history; the respondent's inexperience as a private practitioner and her naive belief that her bookkeeping practices were adequate; that the respondent's conduct did not ultimately result in financial harm to her clients; and that the respondent cooperated with the Grievance Committee's investigation. The respondent, moreover, requests that this Court consider that she has accepted responsibility and expressed remorse; that she has implemented remedial measures, including maintaining general and individual client ledgers, performing monthly reconciliations, and checking all transactions before disbursing client funds; her involvement in her community and pro bono work; and evidence of her good character.
As to the appropriate sanction, the parties contend that a sanction ranging from a censure to a six-month suspension is in accord with this Court's precedent under similar circumstances.
Based on the foregoing, we find that the joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted, and that a six-month suspension is warranted in view of the totality of the circumstances, including the respondent's admitted misconduct as well as the aggravating and mitigating factors presented herein.
LASALLE, P.J., DILLON, DUFFY, CONNOLLY and MALTESE, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent is granted; and it is further,
ORDERED that the respondent, Jessica K. Rekhi, is suspended from the practice of law for a period of six months, commencing February 9, 2024, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than July 9, 2024. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that, during the period of suspension, she: (1) refrained from practicing or attempting to practice law; (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and (3) otherwise properly [*4]conducted herself; and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Jessica K. Rekhi, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Jessica K. Rekhi, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Acting Clerk of the Court